IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| PROTEGRITY CORPORATION ) <br>     a Cayman Islands Company, and ) <br> PROTEGRITY USA, INC., ) <br> a Delaware Corporation ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> CORDURO, INC. ) <br>     a Texas Corporation, ) <br> ) <br> Defendant. ) | Civil Action No. _____ <br> <br> <br> JURY TRIAL DEMAND |

**COMPLAINT AND JURY DEMAND**

Plaintiffs, PROTEGRITY CORPORATION and PROTEGRITY USA, INC., by and through their undersigned attorneys, allege, upon information and belief, as follows:

THE PARTIES

1. Plaintiff, Protegrity Corporation, is a corporation incorporated under the laws of the country of The Cayman Islands. Plaintiff, Protegrity USA, Inc. is Protegrity Corporation's principal operating subsidiary in the United States. Protegrity USA, Inc. is a Delaware Corporation, having its principal place of business at 5 High Ridge Park, Stamford, Connecticut 06905. Plaintiffs were hereinafter collectively be referred to as "Protegrity."

2. Upon information and belief, Defendant, Corduro, Inc. ("Corduro"), is a Texas Corporation, having its principal place of business in Texas and having an office at 5410 Silicon Drive, Suite 101, Southlake, TX 76092.

3. This action has arisen under the patent laws of the United States, Title 35 United

States Code, Section 271 *et seq.*

4. Jurisdiction of this action arises under 28 U.S.C. §1338(a). Venue is predicated under 28 U.S.C. §1391(c).

5. Prior to instituting this lawsuit, Protegrity requested additional technical information concerning Corduro's products alleged to infringe the Patents-in-Suit. To date, Corduro has not provided a response. Attached as Exhibit "A" are Protegrity's letters to Corduro.

COUNT I

6. On March 19, 2013, United States Patent Number 8,402,281 (hereinafter "'281 Patent") entitled "Data Security System for a Database " was duly and regularly issued. A copy of the '281 Patent is attached hereto as Exhibit "B".

7. Protegrity Corporation is the owner of the '281 Patent. Aside from certain licenses granted in settlement of litigation, Protegrity USA, Inc. is an exclusive licensee to the '281 Patent.

8. Upon information and belief, Defendant has directly or contributorily infringed or induced the infringement of the claims of '281 Patent by having made, used or sold database security systems that duly embody the invention as claimed therein; such infringement was willful and deliberate; the infringement by Defendant of the '281 Patent has deprived Protegrity of sales which it otherwise would have made and has in other respects injured Protegrity and will cause Protegrity added injury and loss of profits unless enjoined by this Court.

9. Plaintiffs have been damaged by the acts of infringement complained of herein.

10. Plaintiffs have no adequate remedy without the intervention of this Court.

11. This case is "exceptional" within the meaning of 35 USC § 285.

COUNT II

12. On November 20, 2001, United States Patent Number 6,321,201 (hereinafter "'201 Patent") entitled "Data Security System for a Database Having Multiple Encryption Levels Applicable on a Data Element Value Level" was duly and regularly issued. On October 4, 2011, Ex Parte Reexamination Certificate (8590th) related to '201 Patent was duly and regularly issued. On January 10, 2012, a Certificate of Correction related to the reexamination certificate was duly and regularly issued. A copy of the aforesaid patent, reexamination certificate, and certificate of correction are attached hereto as Exhibit "C".

13. Protegrity Corporation is the owner of the '201 Patent. Aside from certain licenses granted in settlement of litigation, Protegrity USA, Inc. is an exclusive licensee to the '201 Patent.

14. Upon information and belief, Defendant has directly or contributorily infringed or induced the infringement of the claims of the '201 Patent by having made, used or sold database security systems that duly embody the invention as claimed therein; such infringement was willful and deliberate; the infringement by Defendant of the '201 Patent has deprived Protegrity of sales which it otherwise would have made and has in other respects injured Protegrity and will cause Protegrity added injury and loss of profits unless enjoined by this Court.

15. Plaintiffs have been damaged by the acts of infringement complained of herein.

16. Plaintiffs have no adequate remedy without the intervention of this Court.

17. This case is "exceptional" within the meaning of 35 USC § 285.

WHEREFORE, Plaintiffs prays that:

A. An injunction be granted preliminarily and permanently restraining Defendant and all those in privity with it from further infringement of Plaintiffs' '281 and '201 Patents.

B. Defendant be required to account to Plaintiffs for the damages recoverable by

Plaintiffs under 35 U.S.C. §284 as a result of the wrongful making, using, and selling of Plaintiffs' inventions as claimed in Plaintiffs' '281 and '201 Patents, the exact extent of which cannot now be determined by Plaintiffs, and that all of such damages be trebled.

    C.    Plaintiffs be awarded reasonable attorney fees;

    D.    Plaintiffs be allowed its costs; and

    E.    Such other and further relief be granted to which Plaintiffs may be justly entitled.

## JURY DEMAND

Plaintiffs demand a trial by jury.

July 28, 2014

        Respectfully submitted,

        */s/ Woodrow H. Pollack*
        Stefan V. Stein, ct29408
        Florida Bar No.: 300527
        Woodrow H. Pollack, ct29409
        Florida Bar No.: 26802
        GRAYROBINSON, PA
        Suite 2700
        401 E. Jackson Street
        Tampa, Florida 33602
        (813) 273-5000
        (813) 273-5145 facsimile
        stefan.stein@gray-robinson.com
        woodrow.pollack@gray-robinson.com